IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Audrey L. Kimner,<br><br>      Plaintiff,<br><br>  vs.<br><br>Lori D. Stoney; Alex B. Cash; Suzanne Groft; Jerry N. Theos; Margaret Theos Guerry; Paul E. Tinkler; Michael J. Kimner; and J. Todd Manley,<br><br>      Defendants. | Civil Action No. 2:22-cv-2943-CMC<br><br>**ORDER** |

  This matter is before the court on Plaintiff's *pro se* Complaint filed September 1, 2022. ECF No. 1 (Complaint). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. On September 20, 2022, the Magistrate Judge entered a Proper Form Order and Order and Notice, notifying Plaintiff of deficiencies in her Complaint and allowing an opportunity to amend. ECF No. 10. Plaintiff then filed a "Motion for Recusal" for Judges Hodges and Currie. Judge Hodges denied recusal, and extended Plaintiff's allotted time to file an Amended Complaint. ECF Nos. 15, 17. Plaintiff did not file an Amended Complaint.

  On November 16, 2022, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be summarily dismissed without prejudice. ECF No. 20. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff has not filed objections, and the time to do so has expired.

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

As an initial matter, the undersigned addresses the motion to recuse as to her. "[A] judge should participate in cases assigned" absent "a legitimate reason to recuse." *See, e.g.*, *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (quoting *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985)); *United States v. Snyder*, 235 F.3d 42, 46 (1st Cir. 2000) (internal quotation marks omitted). "[I]t is equally clear from this general proposition that a judge may *not* sit in cases in which [her] 'impartiality might reasonably be questioned.'" *Holland*, 519 F.3d at 912 (quoting 28 U.S.C. § 455(a)); *see also id.* § 455(b) (enumerating circumstances requiring recusal).

Applying a purely objective test,[1] the court considers whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *Cherry*,

---

[1] Some courts address a recusal motion pursued under Section 455(a) in two distinct steps, applying both objective and subjective components. *See Holland*, 519 F.3d at 914-15. Other courts, Footnote Continued . . .

2

350 F.3d at 665; s*ee also In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990) (stating that objective component requires the court to decide "whether a reasonable person [would perceive] a significant risk that the judge will resolve the case on a basis other than the merits."). A "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer." *Id*. at 386. A judge is not required to recuse because of "unsupported, irrational, or highly tenuous speculation;" to do so would allow a litigant "to exercise a negative veto over the assignment of judges." *U.S. v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998). Additionally, a decision whether to recuse under Section 455(a) "is necessarily fact-driven and may turn on subtleties in the particular case." *Holland*, 519 F.3d at 913.

In this case, it is clear Plaintiff wishes to "exercise a negative veto over the assignment of judges" because she is displeased with the dismissal of her prior case and seeks different judges for the instant case. Plaintiff requests a "Federal District Court Judge voted in by the President" and alleges the undersigned violated Plaintiff's rights because her previous case "had no remedy, was not properly ruled on, involved fraud, and the case law was incorrect." ECF No. 12 at 3.

Plaintiff has not advanced any argument for recusal other than disagreement with the outcomes of her case and "unsupported, irrational, or highly tenuous speculation." The Magistrate Judge and the undersigned have explained the deficiencies in Plaintiff's pleadings and why they

---

including the Fourth Circuit, consider the test a purely objective one. *See United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).

3

are not appropriate allegations for a federal lawsuit, to no avail. Accordingly, the undersigned denies Plaintiff's motion to recuse.

As to the Report's recommendation of dismissal, after reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. The court therefore adopts and incorporates the Report and Recommendation by reference in this Order. Plaintiff's Complaint is hereby dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 6, 2022